IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LIFE INSURANCE COMPANY
OF THE SOUTHWEST,

        Plaintiff,

v.                                                          Civil Case No. 3:14-cv-799-JAG

ANGELA K. COLEMAN
and
KEITH ALSTON,

        Defendants.

## OPINION

This matter comes before the Court on the plaintiff's *Motion to Deposit Funds and to be Reimbursed for Costs and Fees*. (Dk. No. 13.) Because this action satisfies the jurisdictional requirements for an interpleader action and the Court finds it appropriate to do so, the Court GRANTS the motion to deposit funds and dismisses LSW from the matter. The Court also GRANTS the motion for reimbursement in the amount of $9,796.50 in attorneys' fees and $440.00 in costs.

### I. PROCEDURAL HISTORY

In its complaint, LSW asks the Court to determine the rightful beneficiary of Lizzie Reid's life insurance policy, Policy Number LS0145557, ("Policy"), totaling $100,000. LSW attempted to determine the proper beneficiary under the policy and was unable to do so. LSW names as defendants Ms. Reid's son, Keith Alston, and her daughter, Angela K. Coleman.

Mr. Alston and Ms. Coleman answered the complaint and the Court then held a conference call on this matter directing LSW to file its motion to disburse the funds. LSW filed

its motion to deposit funds and to be reimbursed for its costs and fees. Ms. Coleman filed a response arguing that the insurance company is not entitled to its costs and fees. Upon review, the Court finds the motion to deposit funds and motion for reimbursement proper and grants the motions.

## II. BACKGROUND

Ms. Reid sent LSW an Application for Life Insurance dated May 24, 2007, and sent a Request to Amend New Issue Application on July 3, 2007. The Application for Life Insurance designated Ms. Coleman as the beneficiary, and the Request to Amend named the Insured, Ms. Reid, as the owner/applicant of the policy.

Seven years later, LSW received a Beneficiary Agreement Request in July 2014 seeking to change the primary beneficiary from Ms. Coleman to Mr. Alston. Ms. Reid died on August 18, 2014. Ms. Coleman contacted LSW regarding her status as the owner of the policy. LSW maintains that Ms. Reid owned the policy and Ms. Coleman was the primary beneficiary until July 2014. Ms. Coleman challenges the legitimacy and legal effect of the Beneficiary Agreement Request dated July 20, 2014. LSW sent communications to Mr. Alston and Ms. Coleman inquiring into whether they could resolve the dispute. Mr. Alston and Ms. Coleman maintain their competing claims for the proceeds. Finding a resolution unlikely, LSW filed this interpleader on November 21, 2014.

## III. DISCUSSION

### A. Interpleader

An interpleader action allows the holder of some property to bring together into one lawsuit two or more people who make opposing claims to that property. Insurance companies frequently file interpleader actions when competing beneficiaries dispute who among them

should receive a policy's proceeds. If jurisdiction is proper, either under the general diversity statute or under 28 U.S.C. § 1335(a), the Court has jurisdiction over the matter. Under those circumstances, the plaintiff, unsure of the true legal ownership, can pay the money or value of the property over to the court and allow the court to determine the rightful owner.

The facts presented by LSW satisfy the requirements of 28 U.S.C. § 1332. As Rule 22 and § 1332 have been construed, the diversity requirement is satisfied in a Rule interpleader case when each stakeholder is diverse from each claimant. *See Equitable Life Assurance Soc. of the United States v. Jones*, 679 F.2d 356, 358 n. 2 (4th Cir. 1982).[1] Assuming the proper citizenship of the parties and the requisite amount in controversy, jurisdiction exists in a Rule interpleader case if the interests of the parties are genuinely adverse so as to support the action under the terms of Rule 22. *Leimbach v. Allen*, 976 F.2d 912, 916 (4th Cir. 1992).[2] LSW is incorporated under the laws of Texas and has its principal place of business in Vermont and both claimants are citizens of Virginia. The stakeholder and the claimants are diverse from each other and the amount in controversy exceeds $75,000.

After LSW deposits the Policy's proceeds with the Court, LSW will be discharged from any and all liability to Ms. Coleman and Mr. Alston in relation to its payment of the benefits

---

[1] *Hartford Life & Acc. Ins. Co. v. King*, No. 7:11CV411, 2012 WL 5472036, at *3 (W.D. Va. Apr. 30, 2012) (discussing the differences between Rule 22 interpleader and statutory interpleader.) "Under Rule 22, the plaintiff-stakeholder's citizenship must be diverse from that of all of the claimants. Statutory interpleader, on the other hand, calls for diversity of citizenship between adverse claimants. Under statutory interpleader, the citizenship of the stakeholder is irrelevant for diversity jurisdiction purposes." *Id.*; *see* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1703 (3d ed. 2001) ("Another subject-matter jurisdiction difference between the two is that rule interpleader requires complete diversity of citizenship between the stakeholder and the claimants; statutory interpleader is satisfied by minimal diversity between or among the claimants.").

[2] The dismissal of the stakeholder, LSW, does not destroy jurisdiction of the Court. *Leimbach*, 976 F.2d at 917 ("[T]he district court had jurisdiction of this interpleader when filed and retained the same although the insurers were dismissed prior to final judgment.").

3

under the policy. The Court also dismisses LSW from this action and, as authorized by 28 U.S.C. § 2361,[3] prohibits Mr. Alston and Ms. Coleman from filing any action or proceeding against LSW arising out of, or related to, the Policy in any federal or state court.

The Court retains jurisdiction of this action to determine the respective rights of Ms. Coleman and Mr. Alston to the benefits of the Policy as well as LSW's right to costs and attorney's fees.

### B. Attorneys' Fees and Costs

LSW also seeks reimbursement of its attorneys' fees and costs incurred in bringing this action. When it comes to filing an interpleader action such as this one, an insurance company may recover its attorneys' fees under the logic that it should not have to bear its own costs in trying to avoid "the possibility of multiple litigation." *Sun Life Assur. Co. of Canada v. Bew*, 530 F. Supp. 2d 773, 775 (E.D. Va. 2007); *see also Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007) (noting that "federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward"). The ultimate decision to grant reimbursement for those fees and costs remains in the Court's discretion. *See Sprague*, 251 F. App'x at 156.

---

[3] 28 U.S.C. § 2361 provides as follows:
> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

Ms. Coleman filed a response to LSW's motion for costs and fees. (Dk. No. 16.) She requests that the Court deny LSW's motion or that the Court reduce the fees and costs paid to the plaintiff. "Although some courts have denied attorneys' fees and costs in interpleader actions, suggesting such fees constitute the ordinary course of business," it is within the court's discretion whether or not to award fees and costs to a plaintiff. *Sun Life. Assur. Co. of Canada v. Bew*, 530 F. Supp. 2d 773, 777-78 (E.D. Va. 2007) (citation omitted). Here, LSW is entitled to recover its fees.

The plaintiff in an interpleader action can recover "reasonable" fees. *Bew*, 530 F. Supp. 2d at 776; *see also Sun Life v. Grose*, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006). Courts within this district determine the reasonableness of attorneys' fees by asking "whether [the moving party] could, in equity and good conscience, be required to assume the risk of a multiplicity of actions and possibly erroneous election." *Mfrs. Life Ins. Co. v. Johnson*, 385 F. Supp. 852, 854 (E.D. Va. 1974). Certainly, LSW finds itself at risk for two separate litigations, one from each potential beneficiary.

LSW requests reimbursement for attorneys' fees in the amount of $9,796.50 and costs in the amount of $440.00. After reviewing LSW's submissions and the affidavits accompanying its motion for reimbursement, the Court finds those amounts reasonable. Each step taken by LSW in this action directly advanced the effort to determine the rightful distribution of the Policy's proceeds. Accordingly the Court grants LSW's motion for reimbursement in the amount of $9,796.50 for attorneys' fees and $440.00 for costs.

## IV. CONCLUSION

Finding the disbursement appropriate, the Court grants LSW's motion to deposit funds and motion for reimbursement. Upon payment of the Policy's proceeds to the Clerk, the Court dismisses LSW from this action.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and the *pro se* defendants.

Date: March 30, 2015
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge